Gary H. Prudian, Esq., SBN 246346
Waseem H. Dulloo, Esq., SBN 317301
MANNING, LEAVER, BRUDER &
BERBERICH, LLP
801 S. Figueroa Street, Suite 1150
Los Angeles, California 90017
Telephone: (323) 937-4730
Fax: (323) 937-6727

Attorneys for Plaintiffs, Richard Sauer,
The Richard N. Sauer Family Limited
Partnership, and
12565 Automall Circle, LLC

## IN THE UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD SAUER, an individual; THE RICHARD N. SAUER FAMILY LIMITED PARTNERSHIP, a California limited partnership; and 12565 AUTOMALL CIRCLE, LLC, a California limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>VOLKSWAGEN GROUP OF AMERICA., INC., a New Jersey corporation; and DOES 1 through 50, Inclusive,<br><br>Defendants. | CASE NO. 2:21-cv- 00552-JAM-JDP<br><br>**FIRST AMENDED COMPLAINT FOR:**<br><br>**1.  BREACH OF IMPLIED-IN-FACT CONTRACT;**<br>**2.  BREACH OF CONTRACT;**<br>**3.  BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING;**<br>**4.  INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONSHIP**<br>**5.  INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE;**<br>**6.  NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE;**<br>**7.  VIOLATION OF VEHICLE CODE § 11713.3, ET SEQ.;**<br>**8.  FRAUD – FALSE PROMISE**<br>**9.  FRAUD - CONCEALMENT; AND**<br>**10. VIOLATION OF BUSINESS** |

- 1 -

**AND PROFESSIONS CODE
SECTION 17200**

**Jury Trial Demanded
Amount Demanded Exceeds $75,000**

COMES NOW, Plaintiffs Richard Sauer, The Richard N. Sauer Family Limited Partnership ("SFLP"), and 12565 Automall Circle, LLC ("Automall Circle") (hereinafter referred to collectively as "Plaintiffs"), and for causes of action against defendants, and each of them, complains and alleges as follows:

## PARTIES

1.      Plaintiff RICHARD SAUER (herein individually referred to by name, or collectively with all other Plaintiffs as "Plaintiffs"), is, and at all relevant times herein was, an individual residing in the State of California and is the current Secretary of THE RICHARD N. SAUER FAMILY LIMITED PARTNERSHIP and Manager of 12565 AUTOMALL CIRCLE, LLC.

2.      Plaintiff THE RICHARD N. SAUER FAMILY LIMITED PARTNERSHIP ("SFLP," or together with other plaintiffs as "Plaintiffs"), is, and at all relevant times herein was, a California limited partnership doing business in the State of California and the County of Sacramento. SFLP is the owner of the real property existing at 12565 Automall Circle, City of Folsom, County of Sacramento, State of California ("Subject Property").

3.      Plaintiff 12565 AUTOMALL CIRCLE, LLC ("Automall Circle," or together with other plaintiffs as "Plaintiffs"), is, and at all relevant times herein was, a California limited liability company doing business in the State of California and the County of Sacramento. Automall Circle managed the Subject Property.

4.      Plaintiffs are informed and believe and on that basis allege that Defendant VOLKSWAGEN GROUP OF AMERICA, INC., (hereinafter and together with all agents, affiliates, subsidiaries, and assigns, referred to as "VWGA,"

-2-

**2:21-cv- 00552-JAM-JDP**
**FIRST AMENDED COMPLAINT FOR DAMAGES**

or collectively referred to as one of the "Defendants") is, and at all relevant times herein was, a New Jersey limited liability corporation doing business in California.

5. Plaintiffs are not aware of the true names and capacities of the defendants sued herein as DOES 1-50, inclusive, and therefore sues these defendants by such fictitious names. Plaintiffs will amend this Complaint to allege their true names and capacities when ascertained.

6. Plaintiffs are informed and believe and based thereon allege that each Defendant named herein is responsible for the conduct and damages herein alleged, as, among other things, the agent, principal, co-partner, and alter-ego of each other Defendant, and is subject to the jurisdiction of this Court for the relief prayed for herein.

## **VENUE AND JURISDICTION**

7. Plaintiffs hereby adopt and incorporate by reference paragraphs 1 through 6, inclusive, and replead the allegations contained therein as though fully set forth herein.

8. Jurisdiction is proper in the United States District Court for the Eastern District of California in accordance with 28 U.S.C. § 1332(a)(1), as Plaintiffs and Defendant are citizens of different States. Further, the amount in controversy exceeds $75,000 by virtue of contractual and extra-contractual damages alleged herein, exclusive of costs and interest.

9. Venue is also proper in the Sacramento Division United States District Court for the Eastern District of California under 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to the claim occurred in this judicial district and the property that is the subject of the action is situated in this district. Lastly, the Defendant VOLKSWAGEN GROUP OF AMERICA, INC., conducts business in this district.

///

///

00325508.DOC

## **GENERAL ALLEGATIONS**

10.     Plaintiff Richard Sauer is a medical doctor, the Secretary of SFLP and the Manager of Automall Circle. SFLP is the owner of the real property located at 12565 Automall Circle, City of Folsom, County of Sacramento, State of California ("Subject Property"). Automall Circle manages the Subject Property. Pursuant to the Standard Multi-Tenant Office Lease – Net Agreement ("Original Lease Agreement"), the Subject Property was leased to JREI, LLC, a California limited liability corporation, which is an affiliate of Trinity Automotive Investments, LLC, a Texas limited liability corporation ("Trinity Automotive"), who conducted a Volkswagen dealership business, Folsom Lake Volkswagen ("Dealership"), upon the Subject Property. The initial term of the agreement ran from November 1, 2013 to October 31, 2018. JREI, LLC, and Plaintiffs entered into an Amendment to Standard Multi-Tenant Office Lease-Net ("Lease Amendment"; and together with the Original Lease Agreement, "The Lease") on April 19, 2019, in which JREI, LLC and Plaintiffs agreed that the "[Original] Lease is extended from the Effective Date of this Amendment for an indefinite period of time (the 'Renewal Term') on a month to month basis…" Per The Lease, the rental payment per month is $19,316.73. The Lease Amendment also states in paragraph 4, "…all of the terms and provisions contained in the [Original Lease Agreement] shall remain in full force and effect and are incorporated herein and made a part of this Amendment." Further, as part of The Lease, the lessee, in addition to rent, is required to pay all utilizes and taxes for the Subject Property.

11.     Around September 2019, Dr. Sauer began negotiations with the principal of Trinity Automotive, Mr. Steven Jackson, who owned and operated the Folsom Lake Volkswagen Dealership located on the Subject Property, for the purchase of the Dealership.  Dr. Sauer and Trinity Automotive reached an agreement for Dr. Sauer to purchase the assets of the Dealership on or about November 29, 2019, memorialized in a written asset purchase agreement ("Sauer/Trinity APA").

-4-

Pursuant to the Sauer/Trinity APA, Dr. Sauer was to purchase the Dealership for $250,000 and set aside this amount from monies which had been previously allocated to other investment vehicles. Further, pursuant to Section C of the Sauer/Trinity APA, "Seller shall assign to Purchaser, and Purchaser shall assume, any and all of the contracts *and leases* of Seller related to the Dealership…" (Emphasis added.)

12.     As required by the Standard Provision of the Volkswagen Dealer Sales and Service Agreement ("Dealer Agreement"), between Trinity Automotive and the manufacturer, Defendant VWGA, the Sauer/Trinity APA was provided to VWGA on December 16, 2019.

13.     VWGA exercised its right of first refusal with regard to the Sauer/Trinity APA, as evidenced by the "Notice of Exercise of Right of First Refusal" letter dated December 18, 2019 ("ROFR Letter"). As such, pursuant to Cal. Veh. Code section 11713.3(t)(5), which states:

> "Upon the franchisor's exercise of the right of first refusal, the consideration paid by the franchisor to the franchisee and owners of the franchised business shall equal or exceed all consideration that each of them were to have received under the terms of, or in connection with, the proposed sale, assignment, or transfer, and the *franchisor shall comply with all the terms and conditions of the agreement or agreements to sell, transfer, or assign the franchised business*,"

(Emphasis added.)

VWGA stepped into the shoes of Dr. Sauer as the purchaser under the Sauer/Trinity APA and was bound by Section C to take over Trinity Automotive's lease obligations under The Lease. Based on information and belief, VWGA may have also entered into a separate purchase agreement for the Dealership with Trinity

-5-

1  Automotive, which included assignment of The Lease and all obligations thereunder,

2  which included payment of rent, utilities, and property/personal taxes.

3          14.    Plaintiffs continued to receive payments from JREI, LLC/Trinity

4  Automotive pursuant to the Original Lease Agreement and thereafter, the Lease

5  Amendment, until March 2020, when, based on information and belief, VWGA

6  finalized its agreement with Trinity Automotive and assumed The Lease.

7          15.    VWGA has materially breached its assumed obligations under

8  The Lease by failing to pay rent ($19,316.73/month), failing to make utilities

9  payments (around $11,000 to date), and failing to pay property taxes (around

10  $60,000). Plaintiffs notified VWGA representative Sal Mazzara of the material

11  breach on or about March 2020 and sent multiple invoices to VWGA requesting

12  payment for unpaid rent and providing VWGA the opportunity to cure the breach.

13  VWGA did not cure.

14          16.    Equipment, including heavy equipment, Volkswagen specific

15  tools, furniture, computers, auto parts, lifts, and other service department equipment

16  ("Abandoned Equipment") was left on the property. VWGA employee Sal Mazzara

17  began negotiations with Plaintiffs for the sale of the Abandoned Equipment,

18  evidenced by a Bill of Sale and Assignment ("Bill of Sale") on or about February

19  2020. But, after agreeing to material terms, VWGA included a provision in the Bill

20  of Sale in which it was to be released "from any and all claims, causes of action,

21  losses, damages, liabilities…. that may arise or result, directly or indirectly, in

22  connection with or in any way related to the dealership premises located at 12564

23  Automile [sic] Circle, Folsom California..." Plaintiffs, rightfully, did not agree to this

24  provision as VWGA was attempting to use the agreement as a "backdoor" out of its

25  obligations under The Lease as well as architectural fees it owed Dr. Sauer, as

26  further explained below. Further, because VWGA failed to remove the Abandoned

27  Equipment, Plaintiffs were unable to lease the property to a subsequent lessor and

28

-6-

1  mitigate its damages. In addition, Plaintiffs could not enter into negotiations with
2  prospective buyers to sell the Subject Property.

3        17.    Moreover, prior to VWGA exercising the right of first refusal,
4  Dr. Sauer, in reliance on the representation that VWGA was going to approve the
5  sale of the Dealership to him, pursuant to the Sauer/Trinity APA, set aside $250,000
6  to purchase the Dealership; money which had been previously allocated to other
7  investment vehicles. Further, VWGA had requested that Dr. Sauer perform certain
8  renovations to the existing dealership building. Dr. Sauer hired an architectural firm
9  around September 2019 to perform architectural work costing $12,500. VWGA did
10  promise to reimburse Dr. Sauer for the architectural fees as well as other
11  fees/expenses in relation to the sale of the Dealership, as was its obligation under
12  Veh. Code section 11713.3(t)(6), but to date has failed to do so.

13        18.    As such, among other allegations, VWGA reneged on its
14  commitments to Plaintiffs to sell the Abandoned Equipment after material terms
15  were agreed upon by including an unconscionable provision in the Bill of Sale,
16  failed to remove the Abandoned Equipment, failed to reimburse Dr. Sauer for the
17  expenses and forgone monetary opportunities in preparation to purchase the
18  Dealership after it exercised the right of first refusal, and breached and continues to
19  breach assumed obligations under The Lease with Plaintiffs by failing to pay rent,
20  utilities, and taxes on the Subject Property.

21        19.    VWGA has refused and continues to refuse to pay Plaintiffs
22  amounts lawfully owing to them.

23                    **FIRST CAUSE OF ACTION**
24                    (Breach of Implied-In-Fact Contract)
25                    (Against All Defendants)
26        20.    Plaintiffs incorporate herein each and every allegation set forth in
27  this Complaint, as though fully set forth herein.
28

-7-

21.     Plaintiff Dr. Sauer entered into the Sauer/Trinity APA to purchase the Dealership assets from Trinity Automotive on or about November 29, 2019. On December 18, 2019, Defendant VWGA exercised its right of first refusal, thus purchasing the Dealership from Trinity Automotive.

22.     Subsequently, Plaintiffs and Defendant VWGA entered into an implied-in-fact contract in which VWGA was to sell the Abandoned Equipment to Plaintiffs as evidenced by multiple phone calls, text messages between Dr. Sauer and VWGA representative and employee Sal Mazzara, and the Bill of Sale.

23.     In reliance on the implied-in-fact-contract between Plaintiffs and VWGA, Plaintiffs set aside monies to purchase the Abandoned Equipment, monies that had already been previously allocated to other investment vehicles. As such, Plaintiffs have lost the appreciation in value of said investments. Further, Plaintiffs lost the profits they would have realized by selling the Abandoned Equipment to a subsequent purchaser.

24.     Further, VWGA, after conducting extensive negotiations with Plaintiffs in which material terms were agreed to for the purchase of the Abandoned Equipment, knew or had reason to know, that Plaintiffs interpreted its conduct as an agreement to enter into a contract.

25.     By reason of the foregoing, VWGA breached its contract with Plaintiffs for failing to sell the Abandoned Equipment to them under commercially reasonably and conscionable terms.

26.     As a direct and proximate result of the aforesaid breaches of contract by VWGA, Plaintiffs have sustained damages in a sum in excess of $100,000. Plaintiffs will seek leave of court to amend this Complaint when the exact nature and extent of all such damages have been ascertained. Plaintiffs are entitled to compensatory and restitutionary damages as well as attorneys' fees and costs.

27.     Plaintiffs therefore request such relief as set forth herein, and further delineated, in the Prayer for Relief.

-8-

## SECOND CAUSE OF ACTION

(Breach of Contract)

(Against All Defendants)

28.  Plaintiffs incorporate herein each and every allegation set forth in this Complaint, as through fully set forth herein.

29.  Plaintiffs and Trinity Automotive, through its affiliate JREI, LLC, entered into a Standard Multi-Tenant Office Lease – Net Agreement ("Original Lease Agreement") to operate the Folsom Lake Volkswagen dealership upon the Subject Property located at 12565 Automall Circle, City of Folsom, County of Sacramento, State of California. JREI, LLC, and Plaintiffs entered into an Amendment to Standard Multi-Tenant Office Lease-Net ("Lease Amendment"; and together with the Original Lease Agreement, "The Lease") on April 19, 2019, in which JREI, LLC and Plaintiffs agreed that the "[Original] Lease is extended from the Effective Date of this Amendment for an indefinite period of time (the 'Renewal Term') on a month to month basis…," which was before VWGA exercised its right of first refusal on December 18, 2019.

30.  Pursuant to Veh. Code section 11713.3(t)(5), which states in pertinent part, "…the franchisor shall comply with all the terms and conditions of the agreement or agreements to sell, transfer, or assign the franchised business," The Lease was assumed by VWGA on or about December 18, 2019, when VWGA exercised its right of first refusal and stepped into the shoes of the purchaser, Dr. Sauer, with regard to the Sauer/Trinity APA. Section C of the Sauer/Trinity APA states, in pertinent part, "Seller shall assign to Purchaser, and Purchaser shall assume, any and all of the contracts and leases of Seller related to the Dealership…" Further, the Original Lease Agreement, which is incorporated into the Lease Amendment, states, pursuant to Section 12.1(b), "… a change in the control of Lessee shall constitute an assignment…" As such, a contractual relationship exists between Plaintiffs and VWGA pursuant to the terms of The Lease.

-9-

31.     Plaintiffs did all, or substantially all, of the significant things including all covenants, promises and conditions required of it under the terms of The Lease.

32.     Pursuant to Section 1.13 of the Original Lease Agreement - "Lessee [is] to pay all expenses related to the property"; Section 4.3 – "Lessee shall cause payment of Rent to be received by Lessor in [USD] without offset or deduction…", said rent being $19,316.73, pursuant to Section 50 and 53(D) of the Addendum; Section 7.1 – "Lessee shall be responsible for payment of the cost… to Lessor as additional rent for…any maintenance and repair of the Premises… [and] the cost of … any Improvements within the Premises…"; Section 52 of the Addendum – "…Lessee shall be responsible for the payment of all insurance premiums pursuant to Paragraph 8 of this Lease and all real property taxes pursuant to Paragraph 10 of this Lease; Section 10.3 – "Lessor shall pay the Real Property Taxes …"; Section 10.5 – "Lessee shall pay all taxes… assessed against and levied upon Lessee Owned Alterations and Utility Installations…"; Section 11.2 (See also Section 52 of the Addendum) – "Lessee shall pay for all water, gas, heat, light, power, telephone, and other utilities and services specially or exclusively supplied and/or metered exclusively to the Premises or to Lessee, together with any taxes thereon".

33.     Further, pursuant to Section 8.3(b), which states in pertinent part, "Lessor shall also obtain and keep in force a policy… in the name of Lessor with loss payable to Lessor… insuring the loss of the full Rent for one year…", VWGA is to obtain and keep in force such a policy for one year's worth of rent. Further, pursuant to Section 8.9, "… for any month or portion thereof that Lessee does not maintain the required insurance…, the Base Rent shall be automatically increased, without any requirement for notice to Lessee, by…10% of the then existing Base Rent…" Based on information and belief, VWGA failed to keep in force the required insurance policies in violation of The Lease.

-10-

34.     Due to VWGA's failure to pay rent, utilities and applicable taxes and to comply with other provisions of The Lease, VWGA is in default of The Lease pursuant to, among others, Section 13.1(a), "The abandonment of the Premises"; Section 13.1(b), "The failure of Lessee to make any payment of Rent… to provide reasonable evidence of insurance…; Section 13.1(d), "The failure by Lessee to provide… reasonable written evidence of compliance with Applicable Requirements…; Section 13.1(e), "Default by Lessee as to the terms, covenants, and conditions or provisions of this Lease… other than those described in subparagraphs 13.1(a), (b), (c), or (d)…," as well as the above mentioned Sections.

35.     Further, pursuant to Section 13.2(a), Plaintiffs are entitled to "… the unpaid Rent which had been earned…"

36.     The above mentioned breaches by VWGA also trigger Section 13.4, in which, "if any Rent shall not be received by Lessor within 5 days after such amount shall be due… Lessee shall immediately pay to Lessor a one-time late charge equal to 10% of each such overdue amount…" Therefore, VWGA is responsible for late charges, as well as, interest charges due pursuant to Section 13.5, which states, "Any monetary payment due Lessor hereunder… not received by Lessor when due shall bear interest…"

37.     Moreover, pursuant to Original Lease Agreement Section 7.1, stated above, VWGA is responsible for the repairs made to the roof of the building where the Dealership operated, which Plaintiffs arranged to have repaired. These repairs also protected the Abandoned Equipment from damage.

38.     As a direct and proximate result of the aforesaid breaches of contract by VWGA, Plaintiffs have sustained damages in a sum in excess of $400,000.00. Plaintiffs will seek leave of court to amend this Complaint when the exact nature and extent of all such damages have been ascertained. Plaintiffs are entitled to compensatory and restitutionary damages as well as contractual attorney's fees.

-11-

39.     Plaintiffs, therefore request such relief as set forth herein, and further delineated, in the Prayer for Relief.

## THIRD CAUSE OF ACTION

(Breach of Implied Covenant of Good Faith and Fair Dealing)

(Against All Defendants)

40.     Plaintiffs incorporate herein each and every allegation set forth in this Complaint, as though fully set forth herein.

41.     There is implied in every agreement a covenant of good faith and fair dealing which by operation of law provides that no party to the agreement shall do anything to deprive the other parties to the agreement of the benefits of the agreement.

42.     By reason of the foregoing, Defendants have breached the implied covenant of good faith and fair dealing by depriving Plaintiff Dr. Sauer of the benefits of the agreement to purchase the Dealership as evidenced by the ROFR Letter.

43.     Further, by reason of the foregoing, Defendants have breached the implied covenant of good faith and fair dealing by including, after material terms were agreed upon, an unconscionable provision, being the release of all claims regarding The Lease and the Subject Property, into the Bill of Sale for the Abandoned Equipment and, based on information and belief, simultaneously negotiating with a subsequent purchaser for the sale of the Abandoned Equipment.

44.     Moreover, by reason of the foregoing, Defendants have breached the implied covenant of good faith and fair dealing by depriving Plaintiffs of the benefits delineated in The Lease.

45.     As a direct and proximate result of Defendants' breach of the implied covenant of good faith and fair dealing, Plaintiffs have incurred financial injury in the amount of at least $500,000.00 in damages, such further amounts as

-12-

1  may be determined at trial according to proof, and are entitled to these amounts plus

2  interest.

3  ### FOURTH CAUSE OF ACTION

4  (Intentional Interference with Contractual Relationship)

5  (Against All Defendants)

6  46.   Plaintiffs incorporate herein each and every allegation set forth in

7  this Complaint, as though fully set forth herein.

8  47.   Plaintiff Dr. Sauer and Trinity Automotive agreed to material

9  terms and entered into a contractual relationship pursuant to the Sauer/Trinity APA

10  for the transfer of the Dealership assets to Dr. Sauer, which was provided to VWGA

11  on or about December 16, 2019.

12  48.   Defendants knew of the contract based on its ROFR Letter dated

13  December 18, 2019, in which VWGA states that it was provided a copy of the

14  Sauer/Trinity APA on December 16, 2019.

15  49.   VWGA intentionally interfered with said Sauer/Trinity APA by

16  unreasonably withholding consent to the agreement evidenced by the ROFR Letter,

17  and thus disrupted performance of the Sauer/Trinity APA.

18  50.   VWGA's conduct was a substantial factor in causing Plaintiff's

19  harm since Plaintiff was deprived of the benefits/profits of the Sauer/Trinity APA,

20  estimated at $30,500 per month, and sustained damages due to actions taken in

21  reliance and in preparation to purchase the Dealership.

22  51.   As a direct and proximate result of the aforesaid intentional

23  interference by VWGA, Plaintiff has sustained damages in a sum in excess of

24  $500,000. Plaintiff will seek leave of court to amend this Complaint when the exact

25  nature and extent of all such damages have been ascertained. Plaintiff is entitled to

26  compensatory, reliance, restitutionary, and punitive damages as well as attorneys'

27  fees and costs.

28

-13-

52.     Plaintiff Dr. Sauer therefore requests such relief as set forth herein, and further delineated, in the Prayer for Relief.

## FIFTH CAUSE OF ACTION

(Intentional Interference with Prospective Economic Advantage)

(Against All Defendants)

53.     Plaintiffs incorporate herein each and every allegation set forth in this Complaint, as though fully set forth herein.

54.     Plaintiff Dr. Sauer and Trinity Automotive agreed to material terms and entered into a contractual relationship pursuant to the Sauer/Trinity APA for the purchase of the Dealership located on the Subject Property which, most likely, would have resulted in an economic benefit to Plaintiff in the amount of $30,500/month.

55.     VWGA knew of the contract based on its ROFR Letter dated December 18, 2019, in which VWGA states that it was provided a copy of the Sauer/Trinity APA on December 16, 2019.

56.     VWGA intentionally interfered with said Sauer/Trinity APA by unreasonably withholding consent evidenced by the ROFR Letter therefore disrupting performance of the Sauer/Trinity APA.

57.     VWGA engaged in such conduct with the intent to disrupt the relationship between Dr. Sauer and Trinity Automotive.

58.     Due to VWGA's interference, the relationship between Dr. Sauer and Trinity Automotive was actually disrupted as Dr. Sauer was unable to purchase the Dealership. As such, Defendants' actions were a substantial factor in causing Dr. Sauer's harm, which included lost profits of 30,500/month, as well as lost economic advantage in the form of lost appreciation on the $250,000 purchase price taken from monies previously allocated to other investment vehicles.

59.     Moreover, Plaintiffs attempted to lease the Subject Property to prospective tenants, the terms of which would be similar to the Original Lease

-14-

Agreement, which, most likely, would have resulted in an economic benefit to Plaintiff in the amount of $19,316.73/month, utility payments, and tax payments of around $60,000/year.

60.    VWGA knew of Plaintiffs' ability and desire to lease the Subject Property for this amount to prospective tenants based on its ROFR Letter dated December 18, 2019, in which VWGA assumed The Lease when it agreed to purchase the Dealership from Trinity Automotive.

61.    VWGA intentionally interfered with said lease agreements with prospective tenants by failing to remove the Abandoned Equipment from the Subject Property.

62.    VWGA engaged in such conduct with the intent to disrupt the relationship between Plaintiffs and prospective tenants.

63.    Due to VWGA's interference, the relationship between Plaintiffs and prospective tenants was actually disrupted as Plaintiffs were unable to lease the Subject Property to prospective tenants. As such, Defendants' actions were a substantial factor in causing Plaintiffs' harm, consisting of lost rent payments, utility payments, and tax payments for the Subject Property.

64.    Furthermore, Plaintiffs were unable to sell the Subject Property to prospective buyers, which, most likely, would have resulted in an economic benefit to Plaintiffs.

65.    VWGA knew of Plaintiffs ability and desire to sell the Subject Property to prospective buyers.

66.    VWGA intentionally interfered with said sale agreement with the prospective buyer by failing to remove the Abandoned Equipment from the Subject Property.

67.    VWGA engaged in such conduct with the intent to disrupt the relationship between Plaintiffs and prospective buyers.

-15-

68.     Due to VWGA's interference, the relationship between Plaintiffs and prospective buyers was actually disrupted as Plaintiffs were unable to sell the Subject Property. As such, Defendants' actions were a substantial factor in causing Plaintiffs' harm, consisting of lost profits from the sale of the Subject Property.

69.     Plaintiffs are informed and believe that VWGA committed the aforementioned acts maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiffs, from an improper and evil motive amounting to malice, and in conscious disregard of Plaintiffs' rights. Plaintiffs are thus entitled to recover punitive damages from the above-mentioned Defendants in an amount according to proof at trial.

70.     As a direct and proximate result of the aforesaid intentional interference by the VWGA, Plaintiffs have sustained damages in a sum in excess of $11,000,000. Plaintiff will seek leave of court to amend this Complaint when the exact nature and extent of all such damages have been ascertained. Plaintiffs are entitled to compensatory, reliance, incidental, restitutionary, and punitive damages as well as attorneys' fees.

71.     Plaintiffs therefore request relief as set forth herein, and further delineated in the Prayer for Relief.

## SIXTH CAUSE OF ACTION

(Negligent Interference with Prospective Economic Advantage)

(Against All Defendants)

72.     Plaintiffs incorporate herein each and every allegation set forth in this Complaint, as though fully set forth herein.

73.     Plaintiff Dr. Sauer and Trinity Automotive agreed to material terms and entered into a contractual relationship pursuant to the Sauer/Trinity APA for the purchase of the Dealership located on the Subject Property which, most likely, would have resulted in an economic benefit to Plaintiff.

-16-

74.     VWGA knew of the contract based on its ROFR Letter dated December 18, 2019, in which VWGA states that it was provided a copy of the Sauer/Trinity APA on December 16, 2019.

75.     VWGA negligently interfered with said Sauer/Trinity APA by unreasonably withholding consent evidenced by the ROFR Letter therefore disrupting performance of the Sauer/Trinity APA, and knew, or should have known, that the relationship between Dr. Sauer and Trinity Automotive would have been disrupted if it failed to act with reasonable care.

76.     VWGA failed to act with reasonable care by unreasonably withholding consent to Dr. Sauer to purchase the Dealership and interfering with the contractual relationship between Dr. Sauer and Trinity Automotive.

77.     Due to Defendants' interference, the relationship between Dr. Sauer and Trinity Automotive was actually disrupted as Dr. Sauer was unable to purchase the Dealership. As such, Defendants' actions were a substantial factor in causing Dr. Sauer's harm, which included lost profits of 30,500/month, as well as lost economic advantage in the form of lost appreciation on the $250,000 purchase price taken from monies previously allocated to other investment vehicles.

78.     Moreover, Plaintiffs attempted to lease the Subject Property to prospective tenants, the terms of which would be similar to the Original Lease Agreement, which, most likely, would have resulted in an economic benefit to Plaintiff in the amount of $19,316.73/month, utility payments, and tax payments of around $60,000/year.

79.     VWGA knew of Plaintiffs' ability and desire to lease the Subject Property for this amount to prospective tenants based on its ROFR Letter dated December 18, 2019, in which VWGA assumed The Lease when it agreed to purchase the Dealership from Trinity Automotive.

80.     VWGA negligently interfered with lease agreements with prospective tenants by failing to remove the Abandoned Equipment from the Subject

-17-

Property, and knew, or should have known, that the relationship between Plaintiffs and prospective tenants would be disrupted if it failed to act with reasonable care.

81.     VWGA failed to act with reasonable care by failing to remove the Abandoned Equipment from the Subject Property.

82.     Due to VWGA's interference, the relationship between Plaintiffs and prospective tenants was actually disrupted as Plaintiffs were unable to lease the Subject Property to prospective tenants. As such, Defendants' actions were a substantial factor in causing Plaintiffs' harm, consisting of lost rent payments, utility payments, and tax payments for the Subject Property.

83.     In addition, Plaintiffs were not able to sell the Subject Property to prospective buyers, which, most likely, would have resulted in an economic benefit to Plaintiffs.

84.     VWGA knew of Plaintiffs' ability and desire to sell the Subject Property to prospective buyers.

85.     VWGA negligently interfered with said sale agreement with prospective buyers by failing to remove the Abandoned Equipment from the Subject Property, and knew, or should have known, that the relationship between Plaintiffs and prospective buyers would be disrupted if it failed to act with reasonable care.

86.     VWGA failed to act with reasonable care by failing to remove the Abandoned Equipment from the Subject Property.

87.     Due to VWGA's interference, the relationship between Plaintiffs and prospective buyers was actually disrupted as Plaintiffs were unable to sell the Subject Property to prospective buyers. As such, Defendants' actions were a substantial factor in causing Plaintiffs' harm, consisting of lost profits from the sale of the Subject Property.

88.     As a direct and proximate result of the aforesaid negligent interference by the VWGA, Plaintiffs have sustained damages in a sum in excess of $5,500,000. Plaintiffs will seek leave of court to amend this Complaint when the

-18-

exact nature and extent of all such damages have been ascertained. Plaintiffs are entitled to compensatory, reliance, incidental, and restitutionary damages as well as attorneys' fees and costs.

89.     Plaintiffs therefore request relief as set forth herein, and further delineated in the Prayer for Relief.

## SEVENTH CAUSE OF ACTION

(Violation of Vehicle Code Section 11713.3, et seq.)

(Against All Defendants)

90.     Plaintiffs incorporate herein each and every allegation set forth in this Complaint, as though fully set forth herein.

91.     Veh. Code Section 11713.3(t)(6) states that a franchisor shall reimburse the proposed transferee for expenses paid or incurred by the proposed transferee in evaluating, investigation, and negotiating the proposed transfer. These expenses include, but are not limited to, legal, accounting, title reports, environmental or other investigations.

92.     VWGA violated Section 11713.3(t)(6) by failing to compensate Dr. Sauer for monies expended in connection with the sale of the Dealership to him pursuant to the Sauer/Trinity APA, including architectural fees.

93.     As a direct and proximate result of the aforesaid violation of Section 11713.3, et seq., by VWGA, Plaintiff Dr. Sauer has sustained damages in a sum in excess of $12,500. Plaintiff will seek leave of court to amend this Complaint when the exact nature and extent of all such damages have been ascertained. Plaintiff is entitled to compensatory, reliance, incidental, restitutionary, and punitive damages as well as attorneys' fees and costs.

94.     Plaintiff Dr. Sauer therefore requests relief as set forth herein, and further delineated, in the Prayer for Relief.

///

///

-19-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EIGHTH CAUSE OF ACTION

(Fraud – False Promise)

(Against All Defendants)

95.     Plaintiffs incorporate herein each and every allegation set forth in this Complaint, as though fully set forth herein.

96.     After VWGA exercised the right of first refusal in December 2019, VWGA entered into negotiations with Plaintiffs and promised to sell them the Abandoned Equipment, including heavy equipment, Volkswagen specific tools, furniture, computers, auto parts, lifts, and other service department equipment, which was left on the property. Around February 2020, Dr. Sauer engaged in multiple phone calls, text message exchanges, and additional correspondences with Sal Mazzara for the sale of the Abandoned Equipment.

97.     VWGA never intended to fulfill this promise since, based on information and belief, at the same time it had made the promise to sell the Abandoned Equipment to Plaintiffs, it was also negotiating with another owner of a Volkswagen dealership for the sale of the Abandoned Equipment as part of a deal in which that buyer would take over the Dealership.

98.     VWGA intended for Plaintiffs to rely on that promise.

99.     Plaintiffs reasonably relied on that promise by keeping certain monies that were already allocated to other investments liquid in order to pay the purchase price of the Abandoned Equipment.

100.    VWGA reneged on its promise to sell Plaintiffs the Abandoned Equipment under commercially reasonable terms and included an unconscionable provision for the release of liability with regard to claims relating to the Subject Property.

101.    As such, Plaintiffs were harmed and it was Plaintiffs' reliance on VWGA's promise that substantially caused their harm.

-20-

102.   As a direct and proximate result of the aforesaid fraud by VWGA, Plaintiffs have sustained damages in a sum in excess of $100,000. Plaintiffs will seek leave of court to amend this Complaint when the exact nature and extent of all such damages have been ascertained. Plaintiffs are entitled to compensatory, reliance, incidental, restitutionary, and punitive damages as well as attorneys' fees and costs.

103.   Plaintiffs therefore request relief as set forth herein, and further delineated, in the Prayer for Relief.

## NINTH CAUSE OF ACTION

(Fraud – Concealment)

(Against All Defendants)

104.   Plaintiffs incorporate herein each and every allegation set forth in this Complaint, as though fully set forth herein.

105.   After VWGA exercised the right of first refusal in December 2019, VWGA entered into negotiations with Plaintiffs and promised to sell them the Abandoned Equipment, including heavy equipment, Volkswagen specific tools, furniture, computers, auto parts, lifts, and other service department equipment, which was left on the property. Around February 2020, Dr. Sauer engaged in multiple phone calls, text message exchanges, and additional correspondences with Sal Mazzara for the sale of the Abandoned Equipment.

106.   VWGA never intended to fulfill this promise since, based on information and belief, it intentionally failed to disclose that at the same time it had made the promise to sell the Abandoned Equipment to Plaintiffs, it was also negotiating with another owner of a Volkswagen dealership for the sale of the Abandoned Equipment as part of a deal in which that buyer would take over the Dealership.

107.   Plaintiffs did not know of the concealed facts.

108.   VWGA intended to deceive Plaintiffs by concealing the facts.

-21-

109.   If VWGA had disclosed the omitted information to Plaintiffs, they, reasonably, would have behaved differently. Plaintiffs would not, among other things, have diverted monies that were previously allocated to other investment vehicles for the purchase of the Abandoned Equipment for use in, and in preparation of, operating a Dealership.

110.   Further, VWGA intentionally failed to disclose that it required Plaintiffs to release VWGA "from any and all claims, causes of action, losses, damages, liabilities…. that may arise or result, directly or indirectly, in connection with or in any way related to the dealership premises located at 12564 Automile [sic] Circle, Folsom California..." in order to purchase the Abandoned Equipment, until the eleventh hour.

111.   Plaintiffs did not know of the concealed facts.

112.   VWGA intended to deceive Plaintiffs by concealing the facts.

113.   If VWGA had disclosed the omitted information to Plaintiffs, they, reasonably, would have behaved differently. Plaintiffs would not, among other things, have diverted monies that were previously allocated to other investment vehicles for the purchase of the Abandoned Equipment for use in, and in preparation of, operating a Dealership.

114.   As such, Plaintiffs were harmed and VWGA's concealments were substantial factors in causing their harm.

115.   As a direct and proximate result of the aforesaid fraud by VWGA, Plaintiffs have sustained damages in a sum in excess of $100,000. Plaintiffs will seek leave of court to amend this Complaint when the exact nature and extent of all such damages have been ascertained. Plaintiffs are entitled to compensatory, reliance, incidental, restitutionary, and punitive damages as well as attorneys' fees and costs.

116.   Plaintiffs therefore request relief as set forth herein, and further delineated, in the Prayer for Relief.

-22-

## **TENTH CAUSE OF ACTION**

(Violation of Business and Professions Code Section 17200, et seq.)

(Against All Defendants)

117.   Plaintiffs incorporate herein each and every allegation set forth in this Complaint, as though fully set forth herein.

118.   The acts of Defendants, including but not limited to, failure of VWGA to sell the Abandoned Equipment to Plaintiffs, which also constitutes fraud, failure to reimburse Dr. Sauer for monies expended in connection with the sale of the Dealership to him pursuant to the Sauer/Trinity APA, unreasonably withholding consent of the sale of the Dealership to Dr. Sauer pursuant to the Sauer/Trinity APA, failure to remove the Abandoned Equipment from the Subject Property, and failure to pay rent, utilities and taxes to Plaintiffs in violation of The Lease, constitute unlawful business practices within the meaning of Cal. Bus. & Prof. Code § 17200, et seq.

119.   The foregoing acts of Defendants have caused Plaintiffs irreparable harm. Unless enjoined, Defendants' acts as alleged herein will continue in the future and cause Plaintiffs irreparable harm, loss and injury.

120.   Defendants' conduct was calculated to give Defendants an unfair advantage over Plaintiffs and to destroy Plaintiffs' contractual relationships, deprive them of contractual benefits, and constituted and resulted in Defendants' engaging in unfair, predatory competition, adversely impacting Plaintiffs.

121.   Further, as set forth above, Plaintiffs are informed and believe, and thereupon allege, that Defendants intentionally and wrongfully engaged in the above mentioned acts or omissions for the purpose of gaining an unfair competitive advantage over Plaintiffs.

122.   Plaintiffs have been severely impacted by Defendants' transgressions which have caused actual damages to Plaintiffs in the form of, among others, unpaid rent, payment of utilities and taxes upon the Subject Property, loss of

-23-

profits from the sale of the Abandoned Equipment, loss of monies used in preparation to purchase the Dealership from Trinity Automotive, and loss of profits pursuant to ownership and operation of the Dealership business located on the Subject Property.

123.    Defendant implemented the aforesaid scheme by maliciously and intentionally taking these actions, each of which constituted wrongful acts in violation of Cal. Bus. & Prof. Code § 17200, et seq.

124.    Plaintiffs are further informed and believe, and thereupon allege, that Defendants have been unjustly enriched, to the corresponding detriment of Plaintiffs, as a result of their wrongful and intentional conduct. Pursuant to Bus & Prof. Code § 17203, Plaintiffs are therefore entitled to restitutionary relief equal to the improper gains Defendants achieved at Plaintiffs' expense.

125.    Plaintiffs are further informed and believe, and therefore allege, that Defendants' wrongful acts, with resulting damages to Plaintiffs, are ongoing and certain to continue. Defendants' wrongful acts will, unless restrained, cause irreparable damage to Plaintiffs.

126.    For such current and future wrongful conduct by Defendants, while certain to inflict serious harm to Plaintiffs, there exists no adequate remedy at law. Pursuant to Bus. & Prof. Code § 17203, Plaintiffs are therefore further entitled to preliminary and permanent injunctive relief against Defendants to prohibit such certain harm. In the alternative, Plaintiffs would be forced to initiate and litigate multiple judicial proceedings to protects its interests.

127.    Plaintiffs therefore request relief as set forth herein, and further delineated, in the Prayer for Relief.

///

///

///

///

-24-

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as follows:

1.     Compensatory damages in an amount to be proven at trial;

2.     Consequential and incidental damages in an amount to be proven at trial;

3.     Statutory damages;

4.     Punitive and exemplary damages for all causes of action that provide for the recovery of such damages;

5.     Restitution to Plaintiffs of the amount by which Defendants have been unjustly enriched;

6.     That Defendants be ordered to pay to Plaintiffs its actual damages and any further damages resulting from Defendants being unjustly enriched for their violations of Plaintiffs' rights under Vehicle Code Section 11713.3, et seq.;

7.     That Defendants, their officers, agents, servants, employees, attorneys and all persons acting in concert or participation with them, be preliminarily and permanently enjoined from:

(a) Committing any acts of unfair business practices relating to Cal. Bus. & Prof. Code § 17200, et seq;

(b) attempting, causing, or assisting any of the above-described acts.

8.     That Defendants be ordered to pay restitution to Plaintiffs and disgorge any and all profits for violating Plaintiffs' rights under Cal. Bus. & Prof. Code § 17200, et seq. resulting from their unfair business practices;

9.     That the Court retain jurisdiction of this action for the purpose of enabling Plaintiffs to apply to the Court at any time for such further orders and interpretation or execution of any order entered in this action; for the modification of any such order; for the enforcement or compliance therewith; and for the punishment of any violations thereof;

10.     That Defendants be ordered to pay pre-judgment interest to Plaintiffs on

-25-

1  all amounts awarded and post-judgment interest until paid at the maximum lawful

2  rate;

3       11.    That Defendants be ordered to reimburse Plaintiffs for their reasonable

4  attorneys' fees and costs pursuant to all causes of actions in which they are

5  recoverable.

6       12.    For such other and further relief as the Court deems just and proper.

7

8

9  DATE: April 29, 2021                    MANNING, LEAVER, BRUDER &
                                           BERBERICH, LLP
10

11                                         BY _____

12                                         Gary H. Prudian, Esq.,
                                           Waseem H. Dulloo, Esq., Attorneys for
13                                         Richard Sauer, The Richard N. Sauer
                                           Family Limited Partnership and 12565
14                                         Automall Circle, LLC

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-26-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# CERTIFICATE OF SERVICE

I hereby certify that on April 29, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and I served a copy of the foregoing pleading on all counsel for all parties, via the CM/ECF system and/or mailing same by United States Mail, properly addressed, and first class postage prepaid, to all counsel of record in this matter.

By: _____

Waseem H. Dulloo